**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

HOMER O. REED,

        Plaintiff,

  v.

PEGGY MARTINEZ, et al.

        Defendants.

Case No. 2:15-cv-00142-APG-PAL

**SCREENING ORDER**

Presently before the Court is Plaintiff Homer O. Reed's application to proceed *in forma pauperis*. (Appl. to Proceed *In Forma Pauperis* (Dkt. #1).) Also before the Court is Plaintiff's civil rights complaint filed under 42 U.S.C. § 1983. (Compl. (Dkt. #1-1).) Plaintiff is a *pro se* prisoner in the custody of the Nevada Department of Corrections, but the events giving rise to his complaint occurred while he was incarcerated in the Clark County Detention Center.

**I.**    *IN FORMA PAUPERIS* **APPLICATION**

Based on the information regarding Plaintiff's financial status provided in his application to proceed *in forma pauperis*, the Court finds that Plaintiff is unable to pay an initial installment toward the full filing fee required under 28 U.S.C. § 1915. However, Plaintiff will be required to make monthly payments toward the full $350.00 filing fee when he has funds available. The Court therefore will grant Plaintiff's application to proceed *in forma pauperis*.

**II.**    **SCREENING COMPLAINT**

    **A.**    **Background**

Plaintiff alleges he was incarcerated in the Clark County Detention Center beginning on August 10, 2014. (Compl. at 4.) According to Plaintiff, he is allergic to carrots and has chronic high blood pressure, which requires him to eat a low-sodium diet. (*Id.* at 4-5.) Plaintiff alleges that for nearly a month, he was not able to eat certain meal trays because the Clark County Detention Center serves carrots on almost every tray. (*Id.* at 4.) Elsewhere in his complaint, Plaintiff alleges the situation continued for four and a half months. (*Id.* at 10.) As a result of his

1   diet at the Clark County Detention Center, Plaintiff contends he lost weight and suffered from
2   stress. (*Id.*) Plaintiff also contends that because he is indigent, he could not afford to purchase
3   alternative food from the commissary. (*Id.* at 4.)
4       Plaintiff alleges that on September 9, 2014, he wrote a grievance regarding his dietary
5   restrictions. (*Id.*) Plaintiff alleges that Defendant Peggy Martinez, an employee of Defendant
6   Aramark who was under contract with the state and acting under the color of state law, responded
7   to Plaintiff's request, stating that his dietary restrictions were in the kitchen's computer. (*Id.* at 5-
8   6.) Plaintiff contends, however, that Defendant Martinez purposely disregarded Plaintiff's dietary
9   restrictions because he continued to receive food trays with carrots and salty items such as greasy
10  potatoes, peanut butter, turkey, and buttered bread. (*Id.* at 4-5.) According to Plaintiff,
11  Defendant Martinez "had cruel intentions to not prepare my tray right." (*Id.* at 5.)
12      Plaintiff alleges that on September 16, 2014, a doctor and registered nurse examined him
13  and observed that his throat was swollen from eating carrots. (*Id.* at 4.) Plaintiff further alleges
14  that eating carrots could have caused worse harm than his swollen throat. (*Id.*) Plaintiff also
15  alleges that his high blood pressure increased, causing him to become ill. (*Id.* at 6.) Plaintiff
16  contends that the doctor told him to avoid salad dressings, sauces that are high in salt, salty meats,
17  including turkey, and greasy and buttery foods. (*Id.*)
18      Plaintiff alleges that on September 20, 2014, he wrote another grievance directed to
19  Defendant Aramark's kitchen liaison, Randy Brown, explaining his dietary restrictions. (*Id.* at 4,
20  6.) Plaintiff contends that Defendant Martinez responded to the grievance on September 22,
21  2014, stating that low salt diets were not available, that only cardiac diets were available, and that
22  Plaintiff did not have proof he cannot eat turkey. (*Id.* at 4, 6.) According to Plaintiff, the
23  statement that low salt diets were not available was a lie. (*Id.* at 4.)
24      Plaintiff alleges that on September 25, 2014, he wrote another grievance complaining that
25  that the dietitian was not being "straight up" with him and that the turkey and ground beef are not
26  fresh, but are processed and salty. (*Id.* at 7.) Plaintiff's grievance further stated that his blood
27  pressure was 134 over 94 as a result of the salty food on his meal trays. (*Id.*) Though it is unclear
28  from the complaint whether Plaintiff mentioned it in his grievance dated September 25, 2014,

1  Plaintiff also contends that his carrot allergy had not been added to the kitchen's computer
2  because he kept receiving meal trays with stickers stating he had no known food allergies. (*Id.*)
3  Finally, Plaintiff alleges he also filed grievances on September 18, 2014, September 23, 2014,
4  September 26, 2014, October 5, 2014, January 1, 2015, and January 20, 2015. (*Id.* at 9.)

5  On January 23, 2015, Plaintiff filed an application to proceed *in forma pauperis* and
6  submitted a complaint under 42 U.S.C. § 1983, asserting claims for cruel and unusual punishment
7  in violation of the Eighth Amendment (count one) and First Amendment violations and Fifth and
8  Fourteenth Amendment due process violations (count two) against Defendant Peggy Martinez
9  and her employer, Defendant Aramark. (*Id.* at 1, 3, 5-7.) The Court now screens Plaintiff's
10 complaint under 28 U.S.C. § 1915A.

11 **B.    Screening Standard**

12 Federal courts must conduct a preliminary screening in any civil case "in which a
13 prisoner seeks redress from a governmental entity or officer or employee of a governmental
14 entity." 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and
15 dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be
16 granted, or seek monetary relief from a defendant who is immune from such relief. *Id.*
17 § 1915A(b)(1),(2). In addition to the screening requirements under § 1915A, under the Prison
18 Litigation Reform Act, the court must dismiss the case if "the allegation of poverty is untrue" or
19 if the court determines the action "is frivolous or malicious; fails to state a claim on which relief
20 may be granted; or seeks monetary relief against a defendant who is immune from such relief."
21 *Id.* § 1915(e)(2).

22 Dismissal for failure to state a claim under § 1915A incorporates the standard for failure
23 to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Nordstrom v. Ryan*, 762 F.3d
24 903, 908 (9th Cir. 2014). To survive § 1915A review, a complaint must "contain sufficient
25 factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting
26 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court liberally construes *pro se* civil rights
27 complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no
28 set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Iqbal*, 556 U.S.

at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**C.  Analysis**

Title 42 U.S.C. § 1983 provides that "[e]very person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." Section 1983 does not create any substantive rights, but provides a method for enforcing rights contained in the Constitution or federal statutes. *Crowley v. Nev. ex. rel. Nev. Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted).

Here, Plaintiff alleges that Defendant Peggy Martinez and Defendant Aramark were state actors and that they violated his Eighth Amendment rights by putting carrots and salty foods on his meal trays despite the fact that Plaintiff had known dietary restrictions. Plaintiff further alleges Defendants violated his First Amendment rights, as well as his Fifth and Fourteenth Amendment due process rights.

    *1.  Eighth Amendment Inadequate Conditions of Confinement (count one)*

The Eighth Amendment to the United States Constitution prohibits "cruel and unusual" punishment. U.S. Const. amend. VIII. The "treatment a prisoner receives in prison and the

conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). But "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Regarding food, "[t]he Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993).

Liberally construing Plaintiff's complaint, the Court finds Plaintiff alleges sufficient facts to state a colorable Eighth Amendment claim against Defendant Peggy Martinez. Plaintiff alleges his conditions of confinement at Clark County Detention Center were inadequate because Defendant Martinez did not provide him with meal trays specifically tailored to address his carrot allergy and high blood pressure. Plaintiff further alleges his meal trays were not adequate to maintain his health because they caused his throat to swell up, caused his high blood pressure to rise, resulting in illness, caused him to lose weight, and caused stress. Count one therefore will proceed against Defendant Peggy Martinez.

As for Defendant Aramark, the Court finds Plaintiff fails to allege sufficient facts to state a claim against Defendant Aramark at this time. The only allegation regarding Defendant Aramark's involvement is that Plaintiff sent a grievance to Defendant Aramark's kitchen liaison regarding Plaintiff's dietary restrictions. Given that Plaintiff alleges that Defendant Peggy Martinez responded to this grievance, it is unclear whether Defendant Aramark participated in the alleged deprivation of constitutional rights, knew of the deprivation and failed to act to prevent it, or had a policy that was the moving force behind the deprivation. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no *respondeat superior* liability under [§] 1983"). The Court therefore will dismiss count one as to Defendant Aramark, without prejudice, with leave to amend to add factual allegations regarding Defendant Aramark's specific conduct or

policies that caused the deprivation of Plaintiff's civil rights, if such facts exist.

### 2. *First, Fifth, and Fourteenth Amendment Violations (count two)*

The Court will dismiss the claims for First Amendment violations and Fifth and Fourteenth Amendment due process violations alleged in count two, without prejudice, with leave to amend. The Court finds that the allegations of these claims are too vague and conclusory for the Court to determine whether Plaintiff can state a claim. Upon amendment, the Court directs Plaintiff to follow the directions in the form complaint and to state the facts clearly, in his own words, and to describe exactly what each specific defendant did to violate his First Amendment rights and Fifth and Fourteenth Amendment due process rights, without citing legal authority or argument. Specifically, Plaintiff should allege facts, if any exist, regarding how each defendant violated Plaintiff's constitutional rights, rather than simply stating defendants did so.

### 3. *Leave to Amend*

If Plaintiff chooses to file an amended complaint, Plaintiff must file the amended complaint on the Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint." Plaintiff is advised all defendants must be identified in the caption of the pleading and that all defendants must be named in the section of the prisoner civil rights form designated for that purpose. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Plaintiff still must give defendants fair notice of each of the claims Plaintiff is alleging against each defendant.

Furthermore, Plaintiff is advised that if he files an amended complaint, the original complaint (Dkt. #1-1) no longer serves any function in this case. As such, if Plaintiff files an amended complaint, each claim and the involvement of each defendant must be alleged specifically. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or other documents.

If Plaintiff chooses to file an amended complaint curing the deficiencies of the complaint, as outlined in this Order, Plaintiff must file the amended complaint within thirty (30) days from the date of entry of this Order. If Plaintiff chooses not to file an amended complaint curing the

stated deficiencies, this action will proceed only on the Eighth Amendment inadequate conditions of confinement claim asserted against Defendant Peggy Martinez in count one.

### III.  CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #1) without having to prepay the full filing fee is GRANTED.  Plaintiff will **not** be required to pay an initial installment fee.  Nevertheless, the full filing fee shall be due, under 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act.  The Plaintiff is permitted to maintain this action to conclusion without prepayment of fees or costs or the giving of security for fees or costs.  This Order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that under 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Homer O. Reed**, **#91129**, in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action.

IT IS FURTHER ORDERED that even if this action is dismissed, or is otherwise unsuccessful, the full filing fee still shall be due, under 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act.

IT IS FURTHER ORDERED that the Clerk of Court shall send a copy of this order to the **Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, Nevada, 89702**.

IT IS FURTHER ORDERED that the Clerk of Court shall detach and file Plaintiff's complaint (Dkt. #1-1).

IT IS FURTHER ORDERED that the Eighth Amendment inadequate conditions of confinement claim asserted against Defendant Peggy Martinez in count one will proceed.

IT IS FURTHER ORDERED that the Eighth Amendment inadequate conditions of confinement claim asserted against Defendant Aramark in count one is dismissed, without prejudice, with leave to amend.

IT IS FURTHER ORDERED that the First, Fifth, and Fourteenth Amendment claims in

1  count two are dismissed, without prejudice, with leave to amend.

2  IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint curing
3  the deficiencies outlined in this Order, Plaintiff must file the amended complaint within thirty
4  (30) days from the date of entry of this order.

5  IT IS FURTHER ORDERED that the Clerk of Court shall send to Plaintiff the approved
6  form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint
7  (Dkt. #1-1).  If Plaintiff chooses to file an amended complaint, he must use the approved form
8  and must write the words "First Amended" above the words "Civil Rights Complaint" in the
9  caption.

10  IT IS FURTHER ORDERED that if Plaintiff chooses not to file an amended complaint
11  curing the stated deficiencies of the complaint, this action will proceed only on the Eighth
12  Amendment inadequate conditions of confinement claim asserted against Defendant Peggy
13  Martinez in count one.

14  Dated:  June 19, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE