# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HOMER O. REED, | Case No. 2:15-cv-00142-APG-PAL |
| Plaintiff, | **ORDER** |
| v. | |
| PEGGY MARTINEZ et al., | |
| Defendants. | |

On June 19, 2015, the Court issued a screening order permitting Count I's Eighth Amendment inadequate conditions of confinement claim to proceed against defendant Peggy Martinez but dismissed the claim with leave to amend against defendant Aramark and dismissed Count II with leave to amend. (Dkt. #8 at 7-8). The Court granted Plaintiff 30 days from the date of that order to file an amended complaint curing the deficiencies of the portion of Count I against Aramark and Count II. (*Id.*). The Court specifically stated that if Plaintiff chose not to file an amended complaint, the action would proceed only on Count I's Eighth Amendment inadequate conditions of confinement claim against defendant Peggy Martinez. (*Id.* at 8). Plaintiff has not filed an amended complaint. Pursuant to the screening order, this action shall proceed on Count I's inadequate conditions of confinement claim against defendant Peggy Martinez only.

For the foregoing reasons, IT IS ORDERED that, pursuant to the Court's screening order (Dkt. #8), this action shall proceed on Count I's inadequate conditions of confinement claim against defendant Peggy Martinez only.

IT IS FURTHER ORDERED that the portion of Count I against Defendant Aramark is dismissed with prejudice for failure to state a claim.

IT IS FURTHER ORDERED that Count II is dismissed with prejudice for failure to state a claim.

IT IS FURTHER ORDERED that the Clerk of Court **SHALL ISSUE** a summons for Defendant Peggy Martinez, **AND DELIVER THE SAME**, along with the complaint (Dkt. #9), to the U.S. Marshal for service.  The Clerk also **SHALL SEND** to Plaintiff **one** USM-285 form, one copy of the complaint and a copy of this order.  Plaintiff shall have **thirty (30) days** within which to furnish to the U.S. Marshal the required USM-285 form with relevant information as to the Defendant on the form.  Within **twenty (20) days** after receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff must file a notice with the Court stating whether Defendant was served.  If Plaintiff wishes to have service again attempted on Defendant, then a motion must be filed with the Court specifying a more detailed name and/or address for Defendant, or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that the Court, in its discretion, may order a *subpoena duces tecum* to the custodian of records directing the custodian to provide last-known address of the Defendant.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Defendant or counsel for the Defendant.  The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

Dated:  October 21, 2015.

_____
UNITED STATES DISTRICT JUDGE