UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HOMER O. REED,<br><br>                              Plaintiff,<br>v.<br>PEGGY MARTINEZ,<br><br>                              Defendant. | Case No. 2:15-cv-00142-APG-PAL<br><br>**ORDER** |

This matter is before the court on a review of the docket. Plaintiff Homer O. Reed has not taken any action to serve Defendant Peggy Martinez or any other action since March 21, 2016, when he filed a notice of change of address.

## **BACKGROUND**

Mr. Reed is a prisoner proceeding in this action *pro se*, which means that he is not represented by counsel. *See* LSR 2-1. On January 23, 2015, he initiated this civil rights action and submitted a complaint alleging claims pursuant to 42 U.S.C. § 1983. *See* Compl. (ECF No. 9). The court entered a Screening Order (ECF No. 8) approving Mr. Reed's Application to Proceed *In Forma Pauperis* (ECF No. 1) and screening his complaint pursuant to 28 U.S.C. § 1915. The events alleged in the complaint occurred while he was incarcerated at the Clark County Detention Center ("CCDC"). *Id*. Defendant Aramark contracts with CCDC to provide food services and allegedly employed Defendant Peggy Martinez at the time of the events. *Id*. The court found that the complaint stated an Eighth Amendment inadequate conditions of confinement claim against Martinez, but not against Aramark. *Id*. Thus, Aramark was dismissed. *Id*. Mr. Reed was given leave to amend the claim against Aramark within 30 days, *id*., but he did not do so.

On October 21, 2015, the court issued an Order (ECF No. 11) directing the clerk of the court to issue summons and instructing Mr. Reed to provide the U.S. Marshals Service ("USM")

with the information to serve Martinez. *See* Summons (ECF No. 12). He submitted a USM-285 form indicating that he could not provide the USM with an address to serve Martinez and asking that the address be obtained from the internet or from her former employer, Aramark. *See* Copy of USM-285 (ECF No. 14). Weeks later, Mr. Reed sent the USM a letter asking that Martinez be served through Aramark. *See* Letter from Reed (ECF No. 15). On December 8, 2015, the summons was returned for Martinez showing that the Corporation Trust Company of Nevada was served as the registered agent designated by law to accept service for Aramark. USM Return Executed (ECF No. 16); *see also* Letter from Corporation Trust Company of Nevada (ECF No. 17) (asking Mr. Reed for clarification regarding the Aramark entity involved).

## DISCUSSION

Rule 4 of the Federal Rules of Civil Procedure governs service of process. "Service of process" is a formal delivery of documents that is legally sufficient give the defendant notice of a pending action. *R. Griggs Group Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1103 (D. Nev. 1996) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988)); *see also* Charles A. Wright & Arthur R. Miller, 4A *Federal Practice & Procedure*, *Civil* § 1094 (4th ed. 2015) (noting that the purpose of service is to give the defendant notice of the proceedings). Federal courts lack personal jurisdiction over a defendant unless the defendant has been properly served in accordance with Rule 4. *Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013). Thus, strict compliance with the rules governing manner of service is required. *See*, *e.g.*, *Murphy Bros.*, *Inc. v. Michetti Pipe Stringing*, *Inc.*, 526 U.S. 344, 347 (1999).

Prior to December 2015, Rule 4(m) stated that a defendant must be served within 120 days after a complaint is filed.[1] A court may dismiss an action without prejudice if the summons and complaint are not timely served on a defendant. *Id*.; *see also Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). Rule 4(m) requires the court to extend the time for service if a plaintiff shows good cause for the failure to timely serve. As a general matter, a showing of good cause requires more than simple inadvertence, mistake, or ignorance of the procedural rules. *Martin v.*

---

[1] The Rule has since been amended to reduce the time for service to 90 days.

*Longbeach*, 246 F .3d 674 (9th Cir. 2000). "At a minimum, good cause means excusable neglect." *Id*.

Rule 4 sets out the acceptable methods for effecting service on different types of parties or the applicable provisions of state law. *Gottschalk v. City & Cty. of San Francisco*, 964 F. Supp. 2d 1147, 1165 (N.D. Cal. 2013). For an individual defendant, Rule 4 requires a plaintiff to serve the summons and complaint on by one of three methods:

> (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2). Nevada law requires the same. *See* Nev. R. Civ. P. 4(d)(6).

In cases involving an incarcerated pro se plaintiff proceeding *in forma pauperis*, the USM shall serve the summons and the complaint upon order of the court. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). An incarcerated plaintiff is entitled to rely on the USM for service of the summons and complaint and "should not be penalized by having his action dismissed for failure to effect service" if the USM or the court clerk failed to perform their duties. *Puett*, 912 F.2d at 275. However, it is the plaintiff's responsibility to provide the USM with the information necessary to identify each defendant to be served. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause' " for an extension of the service deadline. *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)). Thus, although an incarcerated plaintiff is entitled to rely on the USM for service of the summons and complaint, that reliance is only proper when he has provided the USM with accurate and sufficient information to effectuate service. *Puett*, 912 F.2d at 275; *Walker*, 14 F.3d at 1421–22.

To obtain the information required to serve a defendant, a plaintiff may use whatever resources and means are available to him, including but not limited to: (1) contacting persons who a plaintiff believes were witnesses to the alleged incident that forms the basis the action; (2) contacting plaintiff's or defendant's counsel or previous counsel; (3) obtaining from the

3

1 appropriate source(s) copies of jail records concerning the alleged incident, such as any records of
2 a plaintiff's administrative grievance or medical records; and/or (4) utilizing the subpoena
3 procedure authorized by Rule 45 of the Federal Rules of Civil Procedure.

4        In this case, it appears that Mr. Reed failed to provide the USM with information sufficient
5 to effect timely service of process on Martinez. On December 8, 2015, the summons was returned
6 for Martinez. USM Return Executed (ECF No. 16). The return shows that the Corporation Trust
7 Company of Nevada was served as the registered agent designated by law to accept service for
8 *Aramark*—not Martinez. The return states Martinez was terminated on August 8, 2015. *Id.*; *see*
9 *also* Letter from Corporation Trust Company of Nevada (ECF No. 17). It was Mr. Reed's
10 responsibility to provide the USM with the information necessary to effect personal service upon
11 Martinez. Aramark is not a party to this action. *See* Screening Order (ECF No. 8). Additionally,
12 Aramark is not designated by law to accept service for Martinez. A former employer is not an
13 agent authorized by law to accept service for a past employee who is a defendant in a pending
14 legal action. *See, e.g.*, *Gottschalk*, 964 F. Supp. 2d at 1165 (service on individual defendants was
15 defective where plaintiff left a copy of the summons and complaint with a manager at the
16 defendants' workplaces); *Warshun v. New York Cmty. Bancorp, Inc.*, 957 F. Supp. 2d 259, 266
17 (E.D.N.Y. 2013) (no employee at a bank branch was authorized as an agent of four bank executives
18 to accept service on their behalf). Thus, service on Aramark and/or the Corporation Trust
19 Company of Nevada does not satisfy the service requirement for Martinez.

20        The court will direct the USM to serve the custodian of records for Aramark with a
21 subpoena *deuces tecum* to require Aramark to disclose Martinez's last known address and phone
22 number to the USM so it may again attempt service. However, Mr. Reed is cautioned that he is
23 ultimately responsible for providing the USM with accurate and sufficient information to
24 effectuate service. If the USM is unable to serve Defendant Martinez and Mr. Reed wishes to have
25 service attempted again, he must file a timely motion specifying a more detailed name and/or
26 address for said defendant, or whether some other manner of service should be attempted. Pursuant
27 to Rule 4(m), Mr. Reed's failure to comply with this Order by accomplishing service by **October**
28 / / /

**30, 2016**, will result in a recommendation to the district judge that this case be dismissed without prejudice.

Accordingly,

**IT IS ORDERED:**

1. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the deadline to accomplish service on Defendant Peggy Martinez is extended until **October 30, 2016**.
2. The Clerk of the Court shall reissue summons to Defendant Martinez.
3. The Clerk of the Court shall issue a subpoena *duces tecum* to the custodian of records for Aramark directing the custodian of records to provide to the USM the last known address and telephone number of Defendant Martinez, a former Aramark employee.
4. The Clerk of Court shall deliver the subpoena *duces tecum*, the reissued summons, Complaint (ECF No. 9), and a copy of this Order to the USM.
5. The USM shall promptly serve the subpoena *duces tecum* as well as a copy of this Order on the custodian of records for Aramark through its resident agent.
6. The custodian of records shall respond to the subpoena *duces tecum* within 14 days of service. The custodian shall provide its response to the USM, and the USM shall retain and file Defendant Martinez's last known address and phone number under seal.
7. The USM shall use the information received from the custodian of records to attempt to serve the summons and complaint on Defendant Martinez
8. Within 14 days after receiving the executed Form USM-285, Plaintiff must file a notice with the court identifying whether Defendant Martinez was served.
9. If the USM is unable to serve Defendant Martinez, and Mr. Reed wishes to have service attempted again, he must file a timely motion specifying a more detailed name and/or address for her, or whether some other manner of service should be attempted.

///

///

///

///

10. Mr. Reed's failure to comply with this Order by serving Defendant Martinez by **October 30, 2016**, will result in a recommendation to the district judge that this case be dismissed without prejudice.

Dated this 1st day of August, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE